OPINION
Appellant Gary Main, Sr. is appealing the decision of the Stark County Court of Common Pleas that denied his "motion to advise and sentence according to the new law effective July 1, 1996." The facts giving rise to this appeal are as follows.
In 1993, the Stark County Grand Jury indicted appellant on one count of murder for the murder of his common law wife Kimberly George. Appellant caused George's death by striking her on the head with a beer bottle. Following his indictment, appellant entered a plea of not guilty and this matter proceeded to trial. After deliberations, the jury returned a verdict finding appellant guilty as charged in the indictment. The trial court proceeded to sentence appellant to an indeterminate term of incarceration of fifteen years to life imprisonment.
Appellant appealed his conviction to this Court raising five assignments of error. We sustained two assignments of error relating to appellant's suppression motion and overruled the remaining three assignments of error. This matter was remanded to the trial court for a new trial.[1] However, on April 19, 1995, prior to the commencement of appellant's new trial, appellant entered a guilty plea to the offense of involuntary manslaughter. The trial court sentenced appellant to an indeterminate term of five to ten years incarceration. Appellant did not appeal his conviction.
Subsequently, appellant filed his "motion to advise and sentence according to the new law effective July 1, 1996". The trial court dismissed this motion finding appellant did not timely seek post-conviction relief and that Senate Bills 2 and 269 are not to be applied retroactively. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION STATING THAT THE MOTION IS APETITION (SIC) TO VACATE AND/OR SET ASIDE SENTENCE PURSUANT TO O.R.C. § 2953.21, WHEN SAID MOTION WAS ADDRESSED TO THE TRIAL COURT UNDER O.R.C. § 1.58(b) WHICH IS NOT A PETITION UNDER R.C. § 2953.21, WHEREBY THE TRIAL COURT COMMITTED PLAIN ERROR UNDER CRIM.R. 52(b), BEING PREJUDICIAL TO THE APPELLANT'S PROCEDURAL DUE PROCESS RIGHTS UNDER THE 14th AMENDMENT TO THE UNITED STATES CONSTITUTION.
 II. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION WHEN THE AMBIGUITY OF SENATE BILL 2 AND R.C. § 1.58(b) MAKES THE NEW SENTENCING GUIDELINES APPLICABLE TO A PERSON WHO COMMITTED THEIR CRIMES BEFORE THE NEW BILL TOOK EFFECT. APPELLANT WAS VIOLATED (SIC) HIS 14th AMENDMENT RIGHT TO BE SENTENCED UNDER THE NEW GUIDELINES.
 I
Appellant contends, in his first assignment of error, that the trial court erred in considering his motion to re-sentence a petition for post-conviction relief pursuant to R.C. 2953.21. Appellant also argues that since his motion did not seek post-conviction relief, the trial court erred when it dismissed it as being untimely filed. We disagree.
In the case of State v. Reynolds (1997), 79 Ohio St.3d 158, the Ohio Supreme Court stated a defendant's motion is one for post-conviction relief where:
 * * * subsequent to his or her direct appeal, [a defendant] * * * [files] a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21. Id. at syllabus.
In the case sub judice, appellant specifically sought to have his criminal sentence vacated and to be re-sentenced under the provisions of Senate Bills 2 and 269. Part of appellant's argument in favor of re-sentencing was that the provisions of Senate Bills 2 and 269 that prohibited retroactive application of their sentencing provisions was unconstitutional. Clearly, pursuant to the Reynolds decision, appellant's motion sought post-conviction relief.
Appellant's petition for post-conviction relief was not timely filed because Senate Bill 4 of the 1995 term of the Ohio General Assembly set forth specific time limits for the filing of petitions for post-conviction relief. Section 3 of this bill provides that those defendants sentenced prior to the effective date of Senate Bill 4, which was September 21, 1995, had one year from that date to file a petition for post-conviction relief. Therefore, appellant had to file his petition for post-conviction relief by September 21, 1996. Appellant did not file his petition until September 24, 1997. Accordingly, the trial court properly dismissed his "motion to advise and sentence according to the new law effective July 1, 1996".
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends the trial court erred when it dismissed his petition on the basis that Senate Bill 2 is not retroactive. We disagree.
In support of his petition, appellant relied upon a Wood County Common Pleas Court case titled State v. Mills, filed November 15, 1996, (Case No. 95CR331). We adopted the rationale of the Mills case in our recent decision of State v. Rush (July 7, 1997), Stark App. No. 1996-CA-0419, unreported.[2] The Mills
and Rush cases are distinguishable from the case sub judice in that the defendants in those cases had not been sentenced at the time of the effective date of Senate Bills 2 and 269. However, in this matter, appellant was convicted and sentenced April 19, 1995, well before the effective date of Senate Bills 2 and 269. Thus, the rationale behind the Mills and Rush cases is not applicable to appellant's case.
The trial court properly dismissed appellant's petition on the basis that the sentencing provisions of Senate Bills 2 and 269 are not retroactive and do not apply to appellant's case.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P. J., and Reader, J., concur.
[1] See State v. Main (Aug. 22, 1994), Stark App. No. CA-9562, unreported.
[2] The Rush case is currently pending, on appeal, before the Ohio Supreme Court in State v. Rush, Sup. Ct. Case No. 97-1778. See State v. Rush (1997), 80 Ohio St.3d 1448, ___ N.E.2d ___ (discretionary appeal allowed).
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.